Frances C. Wilburn (Bar No. 984333)
Augustus T. Curtis (Bar No. 993228)
Leah C. Freedman (Bar No. MD21221)
Offit Kurman, P.A.
7501 Wisconsin Avenue, Suite 1000W
Bethesda, MD 20814
240-507-1712
augie.curtis@offitlkurman.com
fwilburn@offitkurman.com
leah.freedman@offitkurman.com
Attorneys for the Debtor

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re:<br><br>8th STREET NE PARTNERS, LLC<br><br>Debtor | Case No. 25-00299-ELG<br><br>Chapter 11 |

**DEBTOR'S MOTION FOR ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 365(a) AND FED. R. BANKR. P. 6006 AUTHORIZING REJECTION OF UNEXPIRED LEASE OF RESIDENTIAL REAL PROPERTY**

8th Street NE Partners, LLC, debtor and debtor-in-possession (the "Debtor"), by and through its undersigned counsel, files this Motion for entry of an order, under sections 105(a) and 365(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6006 of the Federal Rules of Bankruptcy Procedure, authorizing the Debtor to reject that certain residential real property lease identified herein (the "Lease") and, in support thereof, states as follows:

**BACKGROUND**

1. On July 29, 2025 (the "Petition Date"), the Debtor commenced this case by filing a petition for relief under chapter 11 of the Bankruptcy Code. The Debtor continues to operate its business and manage its property as a debtor and debtor-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

2. The Debtor is a District of Columbia corporation with its principal place of business located at 4017, 4021, and 4025 8th Street, NE, Washington, DC 20017 (the "Real Property"). The Debtor leases the Real Property to residential tenants.

3. The Debtor is pursuing a sale of the Real Property.

4. On or around April 3, 1996, the prior owner of the Real Property[1] entered into a Rental Agreement with Janell James for the premises known as 4021 8th Street, NE, Apt. No. 4, Washington, D.C. 20017 (the "Leased Premises").

5. Upon information and belief, at some point during the leasehold, the original tenant, Janell James, vacated the Leased Premises, and Larnet Corley (the "Tenant" or "Ms. Corley") became the sole tenant/occupant of the Leased Premises.

6. The lease between the Debtor and Ms. Corley is month-to-month (the "Lease"). Monthly rent for the Leased Premises is $1,167.00 per month.

7. Because the Lease is burdensome to the Bankruptcy Estate, the Debtor, in the exercise of its sound business judgment, seeks the entry of an Order rejecting the Lease and awarding possession of the Leased Premises to the Debtor.

8. Such rejection is in the best interest of creditors and the Bankruptcy Estate. By rejection of the Lease, the Bankruptcy Estate will be relieved of further obligations or charges associated with the Lease, and will avoid incurring unnecessary administrative expenses that do not benefit the Bankruptcy Estate.

## REJECTION OF THE LEASE IS A SOUND EXERCISE OF THE DEBTOR'S BUSINESS JUDGMENT

9. Bankruptcy Code section 365(a) provides that a debtor-in-possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease." 11 U.S.C.

[1] The Debtor acquired the Real Property in approximately 2013.

§ 365(a). A trustee or debtor in possession's determination to reject an executory contract is governed by the "business judgment" standard. *Lubrizol Enterprises, Inc. v. Richmond Metal Finishers, Inc.* , 756 F.2d 1043, 1046-47 (4th Cir. 1985), cert. denied sub nom., *Lubrizol Enters., Inc. v. Canfield*, 475 U.S. 1057 (1986) (stating that the decision to reject an executory contract is governed by the business judgment standard and can only be overturned if the decision was the product of bad faith, whim, or caprice); *In re Extraction Technologies of VA, L.L.C.*, 296 B.R. 393, 399 (Bankr. E.D. Va. 2001); *In re Merry Go Round Enters.*, 241 B.R. 124, 130 (Bankr. D. Md. 1999) (business judgment of debtor in possession).

10. Under the business judgment rule, a court should approve a debtor-in-possession's request to reject an executory contract or unexpired lease if rejection will benefit the bankruptcy estate and "unless it is shown that the [debtor-in-possession's] decision was one taken in bad faith or in gross abuse of the [debtor's] retained business discretion." *Lubrizol Enters.*, 756 F.2d at 1047.

11. The Lease and the attendant claims and expenses associated with the Leased Premises are burdensome to the Bankruptcy Estate. The monthly rental income does not offset the substantial expenses associated with the Leased Premises, and the harm of such claims and expenses outweigh any tangible benefit to the Debtor and its creditors.

12. Moreover, due, in part, to the month-to-month duration of the Lease, the Debtor has determined that the Lease has no marketable value beneficial to the Bankruptcy Estate. Accordingly, having evaluated and determined that the Lease and the administrative liability associated therewith constitutes an unnecessary burden and expense, the Debtor submits that rejection of the Lease reflects the Debtor's exercise of sound business judgment.

13. To the extent the Lease between the Debtor and Ms. Corley constitutes a sublease or similar instrument, that sublease, by operation of law, would automatically be rejected upon rejection of the underlying Lease. *Chatlos Systems, Inc. v. Kaplan*, 147 B.R. 96, 99 (D. Del. 1992) (holding that rejection of a primary lease results in deemed rejection of any sublease); *In re Elephant Bar Rest. Inc.*, 195 B.R. 353 (Bankr. W.D. Pa. 1996) (explaining that the unexpired sublease between the debtor and third party was rejected based upon the deemed rejection of the primary lease).

14. Lastly, in connection with the rejection of the Lease, the Debtor respectfully requests that the Court enter an order granting possession of the Leased Premises to the Debtor, subject to a reasonable period of time of up to six months for the Debtor to secure new housing.

15. Ms. Corley's rights are adequately protected by, among other things, reserving her rights to file an unsecured rejection damage claim in the Debtor's bankruptcy case.

## CONCLUSION

WHEREFORE, 8th Street NE Partners, LLC respectfully requests that the Court enter an Order:

1. Rejecting the Lease for the Leased Premises located at 4021 8th Street, NE, Apt. No. 4, Washington, D.C. 20017;

2. Awarding possession of the Leased Premises to the Debtor; and

3. Granting such other and further relief as is just and appropriate.

Respectfully submitted,

/s/ Augustus T. Curtis
Frances C. Wilburn (Bar No. 984333)
Augustus T. Curtis (Bar No. 993228)
Leah C. Freedman (Bar No.MD21221)

Offit Kurman, P.A.
7501 Wisconsin Avenue, Suite 1000W
Bethesda, MD 20814
augie.curtis@offitlkurman.com
fwilburn@offitkurman.com
leah.freedman@offitkurman.com
*Attorneys to the Debtor*

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of August, 2026, I reviewed the Court's CM/ECF system and it reports that an electronic copy of the foregoing Motion will be served electronically by the Court's CM/ECF system on the following:

kmo@henrylaw.com

U. S. Trustee for Region Four
USTPRegion04.DC.ECF@USDOJ.GOV

I hereby further certify that on this 25th day of August, 2026, I sent a copy of the foregoing Motion, Notice of Motion and Proposed Order by first class mail, postage prepaid, to the following:

Office of the United States Trustee
1725 Duke Street, Suite 650
Alexandria, Virginia 22314

Janell James
4021 8th Street, NE
Apt. No. 4
Washington, D.C. 20017

Larnet Corley
4021 8th Street, NE
Apt. No. 4
Washington, D.C. 20017

Sean R. Mangan
1717 K Street, NW
Suite 900
Washington, DC 20006

District of Columbia
Nancy Alper, Esquire
Senior Assistant Attorney General
400 6th Street, N.W., 9th Floor
Washington, DC 20001

District of Columbia
Mayor of the District of Columbia
1350 Pennsylvania Avenue, NW
Washington, DC 20004

/s/ Augustus T. Curtis
Augustus T. Curtis

4910-2991-3290, v. 1