Frances C. Wilburn (Bar No. 984333)
Steven Goldberg (Bar No. MD0218)
Leah C. Freedman (Bar No. MD21221)
Offit Kurman, P.A.
7501 Wisconsin Avenue, Suite 1000W
Bethesda, MD 20814
240-507-1712
fwilburn@offitkurman.com
sgoldberg@offitkurman.com
leah.freedman@offitkurman.com
Attorneys for the Debtor

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re:<br><br>8th STREET NE PARTNERS, LLC<br><br>Debtor | Case No. 25-00299-ELG<br><br>Chapter 11 |

**MOTION FOR VIOLATION OF AUTOMATIC STAY**
**AGAINST LARNET CORLEY**

8th Street NE Partners, LLC, Debtor and Debtor-in-Possession (the "Debtor"), by and through its undersigned counsel, files this Motion for Violation of Automatic Stay against Larnet Corley and, in support thereof, states as follows:

**Background**

1. On July 29, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code").

2. The Debtor continues to operate its business and manage its properties as a debtor-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

3. The Debtor is a District of Columbia corporation with its principal place of business located at 4017, 4021, and 4025 8th Street, NE, Washington, DC 20017 (the "Real Property").

4. Prior to the Petition Date, the Debtor was engaged in the business of leasing the Real Property.

**The Corley Lease**

5. On or around April 3, 1996, the prior owner of the Real Property[1] entered into a Rental Agreement with Janell James for the premises known as 4021 8th Street, NE, Apt. No. 4, Washington, D.C. 20017 (the "Leased Premises").

6. Upon information and belief, at some point during the leasehold, the original tenant, Janell James, vacated the Leased Premises, and Larnet Corley ("Ms. Corley") became the sole tenant/occupant of the Leased Premises.

7. On August 29, 2025, as a result of Ms. Corley's failure to pay rent, the Debtor filed a Verified Complaint for Possession of Real Property in the Superior Court of the District of Columbia, Case No. 2025-LTB-008674 (the "Landlord-Tenant Action"). The Landlord-Tenant Action is pending against the Debtor.

**The Violation of the Automatic Stay**

8. On July 29, 2026, Ms. Corley filed a Tenant Petition/Complaint (the "Corley Complaint") against the Debtor with the District of Columbia Department of Housing and Community Development, case number TP-0000318. A copy of the Corley Complaint is attached hereto as Exhibit A.

9. The Corley Complaint alleges that the Debtor improperly increased rent when it was not properly registered to do so, and that the Debtor provides reduced services and facilities to Ms. Corley.[2]

---

[1] The Debtor acquired the Real Property in approximately 2013.

[2] The Debtor disputes the allegations asserted by Ms. Corley.

10. The filing of the Corley Complaint is a willful violation of the automatic stay. Ms. Corley was aware of the pendency of the Debtor's bankruptcy case when she filed the Corley Complaint and, despite repeated requests, refuses to withdraw the Corley Complaint.

11. Ms. Corley doubled down on the violation and incorporated the Corley Complaint, and the allegations asserted therein, by the filing of a Summary Judgment in the Landlord-Tenant Action, which is scheduled for hearing on October 15, 2026.

## Applicable Law

12. Section 362(a) of the Bankruptcy Code provides in relevant part: "[A] petition filed under section 301 . . . operates as a stay, applicable to all entities, of- . . . (1) the commencement or continuation … or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case . . . ." 11 U.S.C. § 362(a)(1).

13. The automatic stay is a "fundamental debtor protection" that "gives the debtor a breathing spell from its creditors." *Skillforce, Inc. v. Hafer,* 509 B.R. 523, 528 (Bankr. E.D. Va. 2014). Because the automatic stay is such a fundamental protection, "an individual injured by any willful violation of a stay provided [by section 362(a)] shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recovery punitive damages." 11 U.S.C. § 362(k)(1).

14. To recover under Section 362(k), a plaintiff must show that (1) the defendant violated the stay imposed by § 362(a); (2) the violation was willful; and (3) the plaintiff was injured by the violation. *In re Cash*, 668 B.R. 676, 688 (Bankr. D. Col. 2025).

15. "For an act to be willful, the creditor need not act with specific intent but must only commit an intentional act with knowledge of the automatic stay." *Id.,* citing *In re Lyle,* 662 B.R. 229, 234-35 (Bankr. E.D.N.C. 2024) (internal citations omitted).

16. Here, there is little doubt that Ms. Corley violated the automatic stay by filing the Corley Complaint during the pendency of the bankruptcy case. Ms. Corley had actual knowledge of the bankruptcy case yet still filed the Corley Complaint. Even, assuming *arguendo* that Ms. Corley could allege that she failed to appreciate the import of the automatic stay (which is disputed since she was represented by counsel, if it's a defense at all), she clearly became aware of the violation no later than August 20, 2026, when the Debtor issued a letter to Ms. Corley's counsel apprising Ms. Corley that the filing of the Corley Complaint was a violation of the automatic stay, and that it should be withdrawn. Most recently, on October 7, 2026, the Debtor again asked Ms. Corley to withdraw the Corley Complaint as being in willful violation of the automatic stay.

17. Despite the Debtor's diligent efforts to compel Ms. Corley's voluntary compliance, Ms. Corley has declined to withdraw the Corley Complaint. *In re Am. Med. Utilization Mgmt. Corp.,* 494 B.R. at 635 ("[u]pon receiving notice of the bankruptcy case, a 'creditor simply cannot sit back on its hands when its failure to act results in a stay violation,' . . . rather, the creditor has an affirmative duty to reverse any such action within a reasonable amount of time").

18. Ms. Corley's persistence in maintaining the Corley Complaint with actual knowledge of the bankruptcy case, and then refusing to remedy the violation by withdrawing the complaint or otherwise seeking appropriate relief, constitutes a willful, if not malicious, violation of the automatic stay.

19. As such, the Debtor, having engaged in good faith, but unsuccessful, efforts to compel Ms. Corley's compliance, requests that the Court enter an order (a) holding Ms. Corley in contempt for her violation of the automatic stay and (b) awarding damages to the Debtor associated with such violation, including actual and punitive damages in an amount to be determined at a hearing on this Motion.

WHEREFORE, the Debtor respectfully requests that the Court enter an Order (a) holding Ms. Corley in contempt for her violation of the automatic stay; (b) awarding damages and sanctions for Ms. Corley's violation of the automatic stay, including actual and punitive damages; and (c) granting such other and further relief as is just and proper.

Date: October 14, 2026

Respectfully submitted

*/s/ Steven Goldberg*
Steven Goldberg (Bar No. MD0218)
Offit Kurman, P.A.
1954 Greenspring Drive
Suite 605
Timonium, MD 21093
(410) 209-6414
sgoldberg@offitkurman.com
*Attorneys for the Debtor*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of October, 2026, I reviewed the Court's CM/ECF system and it reports that an electronic copy of the foregoing Motion for Violation of the Automatic Stay, will be served electronically by the Court's CM/ECF system on the following:

Kevin O'Donnell kmo@henrylaw.com
U. S. Trustee for Region Four USTPRegion04.DC.ECF@USDOJ.GOV
Umar Ahmed Umar.Ahmed@DC.Gov
Alison Arrington aarrington311@gmail.com
Sean Robert Mangan sean@manganlawdc.com

I hereby further certify that on the 14th day of October, 2026, I sent a copy of the foregoing Motion for Violation of the Automatic Stay, by first class mail, postage prepaid, to the following:

Sean R. Mangan
1717 K Street, NW
Suite 900
Washington, DC 20006

U.S. Trustee for Region Four
U.S Trustee's Office
1725 Duke Street
Suite 650
Alexandria, VA 22314

/s/ Steven Goldberg
Steven Goldberg