UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLUMBIA

In re:

Ms. Alison Arrington,
~~Debtor.~~ CREDITOR

Case No. 25-00299-ELG

Chapter ______

A.P. No. ______

______, Plaintiff,

v.

8TH ST N.E. PARTNERS, L.L.C., Defendant.

FILED

OCT 29 2026

Clerk, U.S. District & Bankruptcy Courts for the District of Columbia

## MOTION

Creditor Alison Arrington (name) hereby moves the Court for the following relief:

As a tenant-creditor who would be irreparably harmed by the Creditor's proposed Restated Plan of Liquidation ("proposed Plan") detailed in PACER documents 125-1, 125-2, and 125-3, I submit to the Court my OBJECTION to Debtor's proposed Plan, on the following grounds:

1) Debtor filed proposed Plan less than 24 hours prior to hearing date, knowing Creditors would not have time to object. Coupled with past deliberate late notice, this contributes to a pattern of bad faith. I therefore respectfully ask the Court give tenants who are also Creditors ("tenant-Creditors") reasonable time to respond to the proposed Plan.

2) The Debtor is exploring the "possibility" of seeking a raze permit for properties currently inhabited by valid leaseholders. To abrogate tenants' leases on hypotheticals is reckless and causes unnecessary harm by a) circumventing D.C. legal doctrine that "leases follow property" and b) circumvent D.C. Landlord-Tenant court.

3) The proposed Plan caps "Tenant Administrative Expense Claims" at $5,000.00 and restricts even this amount to tenant-creditors who would re-locate in 180 days.

Even when combined with tenant-creditors' security deposits, this amount is not market rate and would not secure comparable housing. Since seeking bankruptcy protection in 2025, the Debtor has made no offers of comparable housing, illustrating the impossibility of such a proposal. As the matter of cost reasonableness of relocation expenses is in the domain of the D.C. Landlord-Tenant Court, I respectfully ask the Court to remand this matter to said Court.

4) In the proposed Plan's "MEANS OF IMPLEMENTATION OF THE PLAN" section, the Debtor proposes Creditor settlement costs will be funded by cash on hand, tenant rental payments, and "... recovery of any deposit(s) associated with the Tenant Association or District Line". If "deposits" include escrowed monies from either District Line of the National Housing Trust, then tenant-creditors would be exposed to irreperable harm by accepting funds from escrowed monies in a manner inconsistent with the stated purpose of the escrow, thereby violating the loan agreement with the National Housing Trust. The Debtor confirms this: "... the sale shall not constitute a "sale" for the purposes of TOPA." Using the Debtor's own logic, funds escrowed specifically for a TOPA sale cannot be used for a non-TOPA sale and cover Debtor liability. I respectfully ask that the Court compel the unconditional release of the escrowed TOPA deposit to the National Housing Trust.

Date: ______________ Signature: ______________

Name (Printed): ______________

Address: ______________

______________

Phone Number: ______________

Email: ______________

5) In addition to limiting the value of the tenant-creditors' damages to $5,000.00, the Debtor still seeks to cancel tenant-creditors' leases. The cancelation of leases is the domain of the D.C. Landlord-Tenant Court; the Debtor, having brought suit in D.C. Superior Court to invalidate my lease via eviction (2026-CAB-006353, dated September 15, 2026 and served on October 28, 2026), admits this, by seeking the outcome of lease cancelation in two courts. I again respectfully request that this request through the bankruptcy court be denied.

6) In previous petitions to the court, the Debtor has maintained that through cancelations of leases, tenant-creditors could still be made whole through creditor damage claims. The debtor themselves disproved this claim by proposing to limit settlements to $5,000.00 contingent upon cash-on-hand. This proposed Plan shows that with each successive filing, the Debtor has aggessively sought diminishment of ANY damages. For those reasons, I respectfully ask the Court to reject the proposed Plan and the proposed cancelation of leases.

I thank the Court for its time.

Date: ____________________

Signature: [signature]

Name (Printed): Alison Arrington

Address: 4017-8TH ST NE #2
WASHINGTON DC 20017

Phone Number: 202.591.5961

Email: aarrington311@gmail.com