Frances C. Wilburn, Esq. (Bar. No. 984333)
Steven L. Goldberg. (Bar No. MD0218)
Leah C. Freedman, Esq. (DC Fed. MD21221)
7501 Wisconsin Avenue, Suite 1000W
Bethesda, Maryland 20814
TEL: (240) 507-1700
FAX: (240) 507-1735
sgoldberg@offitkurman.com
fwilburn@offitkurman.com
leah.freedman@offitkurman.com
*Attorneys for 8th Street NE Partners, LLC*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **In re:** | : | |
| **8th STREET NE PARTNERS, LLC** | : | **Case No. 25-00299-ELG** |
| **Debtor.** | : | **Chapter 11** |
| ___________________________________ | : | |
| **8th STREET NE PARTNERS, LLC** | : | |
| **Plaintiff** | : | **Adv. No. ________________** |
| **v.** | : | |
| **Larnet Corley**<br>4021 8th Street, NE<br>Apt. No. 4<br>Washington, DC 20017 | : | |
| **and** | : | |
| **Alison Anita Arrington**<br>4017 8th Street, NE<br>Apt. No. 2<br>Washington, DC 20017 | : | |
| **and** | : | |
| **Christine Arrington**<br>4017 8th Street, NE<br>Apt. No. 2<br>Washington, DC 20017 | : | |

**and**

**Carmelo Alonso-Galicia**
4017 8th Street, NE
Apt. No. 4
Washington, DC 20017

**and**

**Lizette Lima**
4017 8th Street, NE
Apt. No. 4
Washington, DC 20017

**and**

**Darlene Theresa Thornton**
4025 8th Street, NE
Apt. No. 4
Washington, DC 20017

**and**

**Santos Elena Argueta**
4025 8th Street, NE
Apt. No. 3
Washington, DC 20017

**and**

**Santos Nicholas Ruiz**
4025 8th Street, NE
Apt. No. 3
Washington, DC 20017

**Defendants.**

**COMPLAINT FOR (I) AUTHORITY TO REJECT UNEXPIRED LEASES OF RESIDENTIAL REAL PROPERTY UNDER 11 U.S.C. §§ 105(a) AND 365(a), AND (II) RECOVERY OF POSSESSION OF THE LEASED PREMISES**

Plaintiff 8th Street NE Partners, LLC, debtor and debtor in possession (the "Debtor" or "Plaintiff"), by its undersigned counsel, files this Complaint against Larnet Corley; Alison Anita

Arrington; Christine Arrington; Carmelo Alonso-Galicia; Lizette Lima; Darlene Theresa Thornton; Santos Elena Argueta and Santos Nicholas Ruiz (each, an "Occupant," and collectively, the "Defendants") under sections 105 and 365 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6006 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Each Count below concerns a separate residential lease and the Occupant or Occupants under it. In support, the Plaintiff/Debtor states as follows:

## PARTIES

1. Plaintiff is a District of Columbia limited liability company. It owns the real property and improvements known as 4017, 4021, and 4025 8th Street, NE, Washington, DC 20017 (the "Real Property").

2. Defendant Larnet Corley is an individual who occupies 4021 8th Street, NE, Apt. No. 4, Washington, DC 20017.

3. Defendants Alison Anita Arrington and Christine Arrington are individuals who occupy 4017 8th Street, NE, Apt. No. 2, Washington, DC 20017.

4. Defendant Carmelo Alonso-Galicia is an individual who occupies 4017 8th Street, NE, Apt. No. 4, Washington, DC 20017. Upon information and belief, Defendant Lizette Lima also occupies that unit.

5. Defendant Darlene Theresa Thornton is an individual who occupies 4025 8th Street, NE, Apt. No. 4, Washington, DC 20017.

6. Defendants Santos Elena Argueta and Santos Nicholas Ruiz are individuals who occupy 4025 8th Street, NE, Apt. No. 3, Washington, DC 20017.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b) and 1334(a), (b) and (e), and 1367(a).

8. This Adversary Proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), (M), and (O).

9. Pursuant to Bankruptcy Rule 7008, the Debtor consents to the entry of final orders or judgment by the Court.

10. Venue is proper in this district under 28 U.S.C. § 1409(a).

11. The Debtor filed prior Motions to Reject the leases that are the subject of this Complaint. One or more of the Defendants asserted that the relief sought in the rejection motions should be brought by Adversary Proceeding. Accordingly, this Complaint is brought under Bankruptcy Rule 7001 because it seeks to recover property. Fed. R. Bankr. P. 7001(a).

12. However, insofar as rejection of a lease is properly brought by motion pursuant to Bankruptcy Rule 6006, the Plaintiff requests that the Court treat the rejection requests in each Count as a motion under Bankruptcy Rule 6006 and determine them together with this adversary proceeding.

## ALLEGATIONS COMMON TO ALL COUNTS

13. On July 29, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor continues to operate its business and manage its property as a debtor in possession under sections 1107(a) and 1108 of the Bankruptcy Code.

14. The Debtor acquired the Real Property in or about 2013. The Debtor leases residential units at the Real Property to tenants.

15. Upon information and belief, each of the Defendants occupies a residential unit at the Real Property.

16. Some of the Defendants occupy the Real Property pursuant to written rental agreements entered into by the Debtor's predecessor in title. The original term of each rental agreement expired long ago, and the Defendants occupy the Real Property, on a month-to-month basis (hereinafter "Leases"). The Debtor succeeded to the landlord's interest under each Lease when it acquired the Real Property.

17. For purposes of this Complaint, each Lease was in effect as of the commencement of Debtor's bankruptcy case and is an unexpired lease of residential real property within the meaning of section 365 of the Bankruptcy Code. The Debtor has not assumed any Lease.

18. The Leases are burdensome to the estate. The rents payable under the Leases range from $1,096 to $1,298 per month, and do not come close to covering the substantial expense of operating and maintaining the Real Property, and the Debtor is unable to raise the rents to market level while the Leases remain in effect.

19. In some cases, and in some months, the utility costs (including water and heating oil) associated with a particular unit exceed the amount of base rent. Though the utility costs under the Leases are the responsibility of the Occupants, they are currently being paid by the Debtor.[1]

20. The Debtor's operating costs allocable to each unit occupied under the Leases, including real estate taxes, insurance, water and sewer charges, utilities, heat, and maintenance, exceed the rent collected for that unit by approximately $465.00 per month. Across the five units subject to the Leases, the Debtor incurs an operating loss of approximately $28,000.00 per year.

[1] The costs should be borne by the Occupants, as contemplated in the written rental agreements.

This figure excludes management fees and the legal and professional fees associated with the Real Property, which further increases the loss.

21. With few tenants and with below market rents, the Debtor has no ability to spread the substantial costs to maintain the Real Property to make the Leases beneficial to the Estate; indeed, the harm of such Leases and occupancy outweighs any economic benefit to the Estate.

22. Moreover, due in part to the month-to-month duration of the Leases, the Leases have no marketable value beneficial to the Estate. Having evaluated and determined that the Leases and the administrative and financial liabilities associated with occupancy of the Real Property constitutes an unnecessary burden and expense, the Debtor, in an exercise of its sound business judgment, seeks authority to reject the Leases.

23. Rejecting the Leases will relieve the Estate of continuing obligations and administrative expense under the Leases.

24. Additionally, because the Leases are at best, month-to-month; because a perpetual tenancy undermines the intent of the Bankruptcy Code, including Section 365(h)(1)(A)(ii); and because continued occupancy harms the Estate, the Court should award judgment of possession at to each occupied unit to the Debtor.

25. To the extent the Occupants assert any rights to continue use and possession of the Real Property beyond rejection pursuant to 11 U.S.C. § 365(h)(1)(A)(ii), such rights are limited to the "balance of the term of such lease and for any renewal or extension of such rights."

26. Here, the balance of the term of the Leases is at most one-month, and any rights the Tenants may assert they have under Section 365(h)(1)(A)(ii) are limited to one-month.[2]

[2] District of Columbia Code § 42-3505.01 are a regulatory limit on eviction, not a "renewal or extension" of the tenant's lease.

**COUNT I**
**(Rejection of Lease and Possession**
**Larnet Corley, 4021 8th Street, NE, Apt. No. 4)**

27. The Debtor incorporates paragraphs 1 through 26 as if fully set forth herein.

28. On or about April 3, 1996, the Debtor's predecessor in title entered into a Rental Agreement with Jarnell James for the premises known as 4021 8th Street, NE, Apt. No. 4, Washington, DC 20017 (the "Corley Premises"). The Corley Premises is a one-bedroom unit.

29. Upon information and belief, as some point during the leasehold, the original tenant, Jarnell James, vacated the Corley Premises, and Defendant Larnet Corley became the sole occupant of the Corley Premises.

30. There is no written Rental Agreement between Ms. Corley and the Debtor.

31. At best, Ms. Corley occupies the Corley Premises on a month-to-month basis. A copy of the Rental Agreement (for purposes of this Complaint, the "Corley Lease") between the Debtor and Jarnell James is attached hereto as **Exhibit A**.

32. Monthly rent under the Corley Lease is approximately $1,167.00, in addition to all other fees and charges due under the Corley Lease.

33. The Corley Lease, is burdensome to the estate for the reasons stated in paragraphs 18-22.

34. Rejection of the Corley Lease is a sound exercise of the Debtor's business judgment and is in the best interests of the Estate.

35. The Debtor is entitled to possession of the Corley Premises after a reasonable period, not to exceed three (3) months after entry of judgment, to permit Defendant Corley to secure other housing.

**COUNT II**
**(Rejection of Lease and Possession:**
**Alison Anita Arrington and Christine Arrington, 4017 8th Street, NE, Apt. No. 2)**

36. The Debtor incorporates paragraphs 1 through 26 as if fully set forth herein.

37. On or about June 9, 2008, the Debtor's predecessor in title entered into a Rental Agreement with Defendants Alison Anita Arrington and Christine Arrington for the premises known as 4017 8th Street, NE, Apt. No. 2, Washington, DC 20017 (the "Arrington Premises"). That agreement now continues on a month-to-month basis (the "Arrington Lease"). A copy of the Arrington Lease is attached hereto as **Exhibit B.**

38. The Arrington Premises is a two-bedroom unit. Monthly rent under the Arrington Lease is approximately $1,298.00, in addition to all other fees and charges due under the Arrington Lease.

39. The Arrington Lease is burdensome to the estate for the reasons stated in paragraphs 18-22.

40. Rejection of the Arrington Lease is a sound exercise of the Debtor's business judgment and is in the best interests of the Estate.

41. The Debtor is entitled to possession of the Arrington Premises after a reasonable period, not to exceed three (3) months after entry of judgment, to permit Defendants Alison Arrington and Christine Arrington to secure other housing.

**COUNT III**
**(Rejection of Lease and Possession:**
**Carmelo Alonso-Galicia and Lizette Lima, 4017 8th Street, NE, Apt. No. 4)**

42. The Debtor incorporates paragraphs 1 through 26 as if fully set forth herein.

43. On or about July 13, 2010, the Debtor's predecessor in title entered into a Rental Agreement with Defendant Carmelo Alonso-Galicia for the premises known as 4017 8th Street,

NE, Apt. No. 4, Washington, DC 20017 (the "Alonso-Galicia Premises"). That agreement now continues on a month-to-month basis (the "Alonso-Galicia Lease"). A copy of the Alonso-Galicia Lease is attached hereto as **Exhibit C**.

44. Upon information and belief, Defendant Lizette Lima also occupies the Alonso-Galicia Premises. She is named as a Defendant to the extent she claims any right of occupancy.

45. The Alonso-Galicia Premises is a two-bedroom unit. Monthly rent under the Alonso-Galicia Lease is approximately $1,296.00, in addition to all other fees and charges due under the Alonso-Galicia Lease.

46. The Alonso-Galicia Lease is burdensome to the estate for the reasons stated in paragraphs 18-22.

47. Rejection of the Alonso-Galicia Lease is a sound exercise of the Debtor's business judgment and is in the best interests of the Estate.

48. The Debtor is entitled to possession of the Alonso-Galicia Premises after a reasonable period, not to exceed three (3) months after entry of judgment, to permit Defendants Carmelo Alonso-Galicia and Lizette Lima to secure other housing.

**COUNT IV**
**(Rejection of Lease and Possession:**
**Darlene Theresa Thornton, 4025 8th Street, NE, Apt. No. 4)**

49. The Debtor incorporates paragraphs 1 through 26 as if fully set forth herein.

50. On or about March 21, 2007, the Debtor's predecessor in title entered into a Rental Agreement with Defendant Darlene Theresa Thornton for the premises known as 4025 8th Street, NE, Apt. No. 4, Washington, DC 20017 (the "Thornton Premises"). That agreement now continues on a month-to-month basis (the "Thornton Lease"). A copy of the Thornton Lease is attached hereto as **Exhibit D.**

51. The Thornton Premises is a one-bedroom unit. Monthly rent under the Thornton Lease is approximately $1,096.00, in addition to all other fees and charges due under the Thornton Lease.

52. The Thornton Lease is burdensome to the estate for the reasons stated in paragraphs 18-22.

53. Rejection of the Thornton Lease is a sound exercise of the Debtor's business judgment and is in the best interests of the Estate.

54. The Debtor is entitled to possession of the Thornton Premises after a reasonable period, not to exceed three (3) months after entry of judgment, to permit Defendant Thornton to secure other housing.

**COUNT V**
**(Rejection of Lease and Possession:**
**Santos Elena Argueta and Santos Nicholas Ruiz, 4025 8th Street, NE, Apt. No. 3)**

55. The Debtor incorporates paragraphs 1 through 26 as if fully set forth herein.

56. On or about December 1, 2002, the Debtor's predecessor in title entered into a Rental Agreement with Defendants Santos Elena Argueta and Santos Nicholas Ruiz for the premises known as 4025 8th Street, NE, Apt. No. 3, Washington, DC 20017 (the "Argueta/Ruiz Premises"). That agreement now continues on a month-to-month basis (the "Argueta/Ruiz Lease"). A copy of the Arguetz/Ruiz Lease is attached hereto as **Exhibit E.**

57. The Argueta/Ruiz Premises is a two-bedroom unit. Monthly rent under the Argueta/Ruiz Lease is approximately $1,116.00, in addition to all other fees and charges due under the Argueta/Ruiz Lease.

58. The Argueta/Ruiz Lease is burdensome to the estate for the reasons stated in paragraphs 18-22 of the Complaint.

59. Rejection of the Argueta/Ruiz Lease is a sound exercise of the Debtor's business judgment and is in the best interests of the Estate.

60. The Debtor is entitled to possession of the Argueta/Ruiz Premises after a reasonable period, not to exceed three (3) months after entry of judgment, to permit Defendants Santos Elena Argueta and Santos Nicholas Ruiz to secure other housing.

WHEREFORE, Plaintiff 8th Street NE Partners, LLC respectfully requests that the Court enter judgment in its favor on Counts I through V and:

1. Treat the rejection requests in each Count as a motion under Bankruptcy Rule 6006 and determine them together with this adversary proceeding
2. Authorize the Debtor to reject, under 11 U.S.C. § 365(a), each of the Corley Lease, Alonso-Galicia Lease, the Arrington Lease, the Thornton Lease, and the Argueta/Ruiz Lease, effective as of the entry of judgment on this Complaint;
3. Award possession of each of the Defendant’s leased premises to the Debtor after a reasonable period, not to exceed three (3) months after entry of judgment, and direct that each Defendant surrender possession by that date;
4. Set a deadline of thirty (30) days after the later of entry of judgment or the Defendant's surrender of possession for any Defendant to file a proof of claim for damages arising from rejection of its Lease; and
5. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Steven Goldberg

Frances C. Wilburn (Bar No. 984333)
Steven L. Goldberg (Bar No. MD 0218)
Leah C. Freedman (Bar No.MD21221)
Offit Kurman, P.A.
7501 Wisconsin Avenue, Suite 1000W
Bethesda, MD 20814
fwilburn@offitkurman.com
sgoldberg@offitkurman.com
leah.freedman@offitkurman.com
Attorneys to the Debtor